UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| HOLLY REALTY, LLC,<br><br>        Plaintiff,<br><br>-against-<br><br>UNION MUTUAL FIRE INSURANCE COMPANY,<br><br>        Defendant. | **MEMORANDUM AND ORDER**<br>Case No. 20-CV-5938 (FB) (RML) |

*Appearances:*
*For the Plaintiff*:
MICHAIL Z. HACK
Schwartz, Conroy & Hack, pc
666 Old Country Road, Ninth Floor
Garden City, NY 11530

*For Defendants*:
PATRICIA A. RAUH
Hurwitz Fine, P.C.
1300 Liberty Building
424 Main Street, Suite 1300
Buffalo, NY 14202

**BLOCK, Senior District Judge:**

Plaintiff Holly Realty, LLC ("Holly") brought this action for breach of contract and declaratory relief against Defendant Union Mutual Fire Insurance Company ("Union Mutual"), alleging that Union Mutual wrongfully denied Holly's fire insurance claim. In its answer to the Amended Complaint, Union Mutual filed a counterclaim seeking declaratory relief and damages. Before the Court is Union Mutual's motion for summary judgment under Federal Rule of Civil Procedure 56. For the reasons described below, Union Mutual's motion is denied.

1

## I. FACTUAL AND PROCEDURAL BACKGROUND

The following facts are taken from the parties' Rule 56.1 statements and are uncontested unless otherwise noted. Union Mutual provided a policy of general liability insurance (the "Policy") to Holly pertaining to property located at 18-30 and 18-32 College Point Boulevard in Queens, New York (collectively, the "Premises"). Before and after the Policy was entered into, Holly rented 18-32 College Point Boulevard to a Pizza restaurant that utilizes open-flame cooking. Holly is a domiciliary of New York, while Union Mutual is incorporated and headquartered in Vermont.

Holly's chief executive officer, Chen Cui Rong ("Chen"), entered into the Policy with Union Mutual on September 21, 2019, providing coverage lasting between September 22, 2019 and September 22, 2020. Holly's application for the Policy answered the questions "Is there any open flame cooking [on the premises?]" and "Does [the Premise's tenant] use any open flame cooking methods?" in the negative. Lambert Aff. ¶ 13-14, Ex. 1. This representation was untrue. Chen testified during a January 20, 2022 deposition that she was aware the restaurant used an open flame for cooking. Chen agreed by signing the Policy that "willful concealment or misrepresentation of a material fact or circumstance shall be grounds to rescind the insurance policy." (Lambert Aff. ¶ 45, Ex.1). Union Mutual issued the Policy in reliance on these representations.

2

On October 14, 2019, Union Mutual warned Holly through nonparty Roundhill Express, LLC ("Roundhill") that the Policy would be canceled unless it was permitted to perform an "underwriting inspection" before November 13, 2019. Roundhill is authorized to underwrite and issue policies, as well as investigate and issue claim determinations on behalf of Union Mutual. Ex. C. Fred Harper ("Harper"), an underwriting inspector for Roundhill, observed and photographed the Premises on November 1, 2019, in search of unacceptable risks and compliance with Holly's application. Roundhill does not underwrite policies for properties containing unacceptable risks, including open-flame cooking, and is prohibited from doing so on behalf of Union Mutual. During his inspection, Harper personally observed and photographed the pizza restaurant at 18-32 College Point Boulevard.

Holly claims that Harper walked next to, observed, and photographed the open-flame cooking methods present in the restaurant's kitchen during his inspection, a claim that Union Mutual denies. Union Mutual claims that Harper's report to Roundhill regarding his inspection made no mention of an open flame. Harper, in his deposition, testified that he did not remember whether or not he observed an open flame during his inspection, but that he would have photographed it "[i]f he saw" one. Rauh Dec., Ex. E. at 25: 4-14, 27. After reviewing Harper's report, Union Mutual informed Holly on November 2, 2019, that it would not cancel the Policy.

3

A large fire damaged the Premises on December 19, 2019. Holly informed Union Mutual of the fire on December 23. Roundhill hired an investigator to investigate Holly's claim, whom Roundhill specifically instructed to search for an open flame on the Premises. The resulting report found that the fire originated in a residential unit on the upper floor of 18-30 College Point Boulevard. It also found that open flames were used for cooking at 18-32 College Point Boulevard. Union Mutual denied Holly's claim on February 10, 2020, citing Holly's misrepresentation on its application as to the presence of an open flame, and rescinded the Policy on the same basis.

Union Mutual now moves for summary judgment on Holly's claims and its counterclaim.

## II. LEGAL STANDARD

Summary judgment is appropriate only if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine dispute exists if evidence produced in the pleadings, discovery materials, and affidavits "is such that a reasonable jury could return a verdict for the nonmoving party. A fact is material if it might affect the outcome of the suit under governing law." *Choi v. Tower Rsch. Cap. LLC*, 2 F.4th 10, 16 (2d Cir. 2021) (quoting *Frost v. N.Y.C. Police Dep't*, 980 F.3d 231, 242 (2d Cir. 2020)). All ambiguities and factual inferences are resolved "in favor of the party

against whom summary judgment is sought." *Id.* (citing *Sloley v. VanBramer*, 945 F.3d 30, 36 (2d Cir. 2019)). "Once the moving party has asserted facts showing that the non-movant's claims cannot be sustained, the opposing party must set out specific facts showing a genuine issue for trial, and cannot rely merely on allegations or denials contained in the pleadings." *Pik Quan Leong v. 127 Glen Head Inc.*, 102 F. Supp. 3d 450, 453 (E.D.N.Y. 2015); *see* Fed. R. Civ. P. § 56(c).

### III. DISCUSSION

Union Mutual argues that Holly materially misrepresented the risk of being insured under the Policy, making the Policy rescinded as void ab initio. "Under New York law, . . an insurance policy issued in reliance on material misrepresentations is void from its inception," *Republic Ins. Co. v. Masters, Mates & Pilots Pension Plan*, 77 F.3d 48, 52 (2d Cir. 1996) (citing N.Y. Ins. Law § 3105), and recovery on it is "barred," *City of Johnstown, N.Y. v. Bankers Standard Ins. Co.*, 877 F.2d 1146, 1153 (2d Cir. 1989). Misrepresentations must be "made to the insurer by, or by the authority of, the applicant for insurance or the prospective insured, at or before the making of the insurance contract as an inducement to the making thereof." N.Y. Ins. Law § 3105(a). A misrepresentation is material, even if "made innocently," when "knowledge by the insurer of the facts misrepresented would have led to a refusal by the insurer to make such a contract." *In re WorldCom, Inc. Sec. Litig.*, 354 F. Supp. 2d 455, 465 (S.D.N.Y. 2005) (citing

5

*McLaughlin v. Nationwide Mut. Fire Ins. Co.*, 777 N.Y.S.2d 773, 774 (3d Dep't 2004)); N.Y. Ins. Law § 3105(b)(1). It is the insurer's burden to show the presence of a material misrepresentation. *Id.*

Holly argues that even if it did make a material representation, Union Mutual waived its right to rescind the Policy because it knew from Harper's inspection that the Premises contained an open flame and continued accepting premium payments anyway. "It is well settled that the continued acceptance of premiums by the carrier after learning of facts which allow for rescission of the policy, constitutes a waiver of, or more properly an estoppel against, the right to rescind." *Scalia v. Equitable Life Assur. Soc. of U.S.*, 251 A.D.2d 315, 315 (1998); *see Am. Gen. Life Ins. Co. v. Salamon*, 483 F. App'x 609, 610-11 (2d Cir. 2012) (collecting cases).

It is undisputed that Union Mutual continued accepting premium payments from Holly under the Policy after Harper's inspection. However, Union Mutual insists that it did not have knowledge of the open flame before the fire. Waiver under New York law requires "full knowledge of the facts upon which the existence of the right depends." *Si Meat Vill., Inc. v. Amguard Ins. Co.*, 208 F. Supp. 3d 490 (E.D.N.Y. 2016) (internal quotation omitted). "[N]egligence in not making further inquiry" is not enough to impute full knowledge; instead, the

6

waiving party must have something "tantamount to notice" of the relevant facts. *Id.* (internal quotations omitted).

Harper testified that he did not remember whether or not he observed an open flame during his inspection, but that he would have photographed it if he noticed one. Union Mutual and Holly agree that an open flame was used by the pizza restaurant before and after Holly entered into the policy. This makes it likely that the open flame was present when Harper made his inspection. Furthermore, after the fire, Roundhill specifically instructed its claim investigator to look for an open flame on the Premises, suggesting that it at least suspected its presence. These facts create a genuine dispute as to whether Harper acquired full knowledge of the open flame during his inspection.

Union Mutual maintains that even if Harper did notice the open flame during his inspection, his knowledge cannot be imputed to Union Mutual because he worked as an independent contractor for Roundhill, not an employee or agent.[1] In distinguishing between independent contractors and employees, New York courts look to the degree of control over the worker's duties exercised by the worker versus their putative employer. This inquiry focuses on "five factors relevant to determining control under the common law test," including "whether the worker

---

[1] Union Mutual does not dispute that Roundhill's knowledge from the inspection can be imputed to Union Mutual as its underwriter.

(1) worked at his/her own convenience; (2) was free to engage in other employment; (3) received fringe benefits; (4) was on the employer's payroll; and (5) was on a fixed schedule." *Hart v. Rick's Cabaret Int'l, Inc.*, 967 F. Supp. 2d 901, 923 (S.D.N.Y. 2013). Another relevant factor is whether the company controls the selection and assignment of the worker's tasks. Overall, the lodestar for courts is "the degree to which the purported employer exercises control in fact over the results produced or the means used to obtain them." *Id.* (internal quotation omitted).

Harper testified that he works for Roundhill as an independent contractor and is paid as a 1099 independent contractor, but also that he worked exclusively for and was trained by Roundhill. He also lacks discretion as to which properties he inspects, uses a tablet owned by Roundhill to conduct his inspections, and loads information from his inspections into Roundhill's data management system. Roundhill also sets the price of Harper's inspections. The facts create a reasonable question as to Harper's employment status with Roundhill.

A reasonable jury could conclude that Harper was aware of the open flame and that he was an employee of Roundhill, imputing his knowledge of the flame to Union Mutual. Because a genuine dispute exists as to whether Union Mutual waived any right it had to rescind the Policy, its motion for summary judgment must be denied.

## IV. CONCLUSION

For the reasons explained above, Union Mutual's motion for summary judgment is DENIED.

**SO ORDERED.**

                                           /S/ Frederic Block
                                           FREDERIC BLOCK
                                           Senior United States District Judge

April 4, 2023